## IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,** <br> 1000 Massachusetts Ave. NW <br> Washington, D.C. 20001 <br><br> **Plaintiff,** <br><br> v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY,** <br> 2707 Martin Luther King Jr. Ave SE <br> Washington, D.C. 20528 <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

1. Plaintiff, CATO INSTITUTE, brings this Freedom of Information Act suit to force Defendant U.S. DEPARTMENT OF HOMELAND SECURITY to comply with Plaintiff's FOIA request for records that are mentioned and referenced in the Presidential Proclamations 9645, 9723, and 9985, which restricted entry and visas of individuals from mostly countries with large Muslim populations. According to these Proclamations, then-Secretary of Homeland Security prepared and produced various reports, analyses, and evaluations for President Trump regarding these countries and individuals from these countries. In violation of the Freedom of Information Act, Defendant has failed to conduct a reasonable search and has failed to produce the records promptly.

## **PARTIES**

2. Plaintiff CATO INSTITUTE is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and

peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues. CATO INSTITUTE made the FOIA request at issue in this case.

3. U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal agency within the meaning of 5 U.S.C. § 552(f) and subject to FOIA.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## APRIL 13, 2021 FOIA REQUEST

6. On April 13, 2021, CATO INSTITUTE submitted a FOIA request to DHS for the following records:

> [1] The report referenced in section 1(c) of Presidential Proclamation 9645 that was submitted to the President by the Secretary of Homeland Security on July 9, 2017 that, according to section 1(h) of that proclamation concluded by "recommending entry restrictions and limitations on certain nationals of 7 countries determined to be 'inadequate' in providing such information and in light of other factors discussed in the report.";
>
> [2] The evaluation of each country under DHS "baseline" referenced in Presidential Proclamation 9645 that "evaluated each country against the baseline described in subsection (c)" of section 1 of the Proclamation 9645 that identified 16 countries as being "inadequate" based on an analysis of their identity-management protocols, information-sharing practices, and risk factors Proclamation 9645's text is here: https://www.govinfo.gov/content/pkg/DCPD- 201700685/pdf/DCPD-201700685.pdf;
>
> [3] The report referenced in Presidential Proclamation 9723 that was transmitted to the president by the Secretary of Homeland Security on March 30, 2018 that recommended that the suspensions and limitations imposed by Presidential Proclamation 9645 on the entry of foreign nationals from one country be terminated. Proclamation 9723's text is here: https://www.govinfo.gov/content/pkg/DCPD-201800231/pdf/DCPD-201800231.pdf;

[4] The notification referenced in Proclamation 9983 sent on March 11, 2019 to all foreign governments regarding the refined performance metrics for the identity management and information-sharing criteria;

[5] Documents received from U.S. embassies in response to the notification referenced in Proclamation 9983 sent to all foreign governments on March 11, 2019 regarding the refined performance metrics for the identity management and information-sharing criteria;

[6] The report referenced in Presidential Proclamation 9983 that was submitted to the president by the Acting Secretary of Homeland Security on September 13, 2019 recommending the suspension of, or limitation on, the entry of certain classes of nationals from certain countries in order to protect United States national security, including by incentivizing those foreign governments to improve their practices;

[7] The proposal or recommendation referenced in Presidential Proclamation 9983 made to the President in January 2020 by the Acting Secretary of Homeland Security, the Secretary of Defense, and other Cabinet-level officials that recommended that the president exercise my authority under section 212(f) of the INA to suspend entry into the United States for nationals of six new countries— Burma (Myanmar), Eritrea, Kyrgyzstan, Nigeria, Sudan, and Tanzania;

[8] The evaluation of each country under DHS methodology referenced in Presidential Proclamation 9983 that "assess[ed] compliance with the assessment criteria… allowed for more in-depth analysis and yield[ed] even more granularity and increased accuracy regarding each country's performance under the criteria." The text of Proclamation 9983 is here: https://www.govinfo.gov/content/pkg/FR-2020-02-05/pdf/2020-02422.pdf.

Ex. 1.

7. On April 21, 2021, DHS acknowledged receipt of the request and assigned reference number 2021-HQFO-00783 to the request. Ex. 2.

8. On May 7, 2021, DHS stated that it was "unable to locate or identify any responsive records" and denied the request in its entirety. Ex. 3.

9. On May 14, 2021, CATO INSTITUTE followed up with DHS on how the search was conducted as the FOIA Request provided a detailed description of possible custodians and locations of the potentially responsive records. Ex. 4 at 2.

10. In response to CATO INSTITUTE's follow up correspondence, on May 14, 2021, DHS repeated its May 7, 2021 determination letter and provided CATO INSTITUTE with the appeal instructions. *Id.* at 3.

11. On May 14, 2021, CATO INSTITUTE appealed the denial. Ex. 5.

12. On July 19, 2021, DHS acknowledged receipt of the appeal and assigned reference number 2021-HQAP-00158 to the appeal. Ex. 6.

13. On January 22, 2022, DHS remanded the appeal "for further explanation" from the Privacy Office of DHS ("PRIV") as it was "unable to determine whether an adequate search was performed and/or whether any documents exist that would be responsive" to the request. Ex. 7.

14. On May 13, 2022, DHS determined that CATO INSTITUTE may appeal this matter to the Federal District Court as PRIV never provided a further explanation on how it conducted a search. Ex. 8.

15. DHS has not demonstrated that it conducted an adequate search for the records responsive to the request.

16. As of the date of this filing, the DHS has failed to conduct an adequate search for the records responsive to the request and has failed to produce responsive records.

## COUNT I – DEFENDANT'S FOIA VIOLATION: FAILURE TO CONDUCT AN ADEQUATE SEARCH

17. The above paragraphs are incorporated herein.

18. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

19. Defendant DHS is a federal agency and subject to FOIA.

20. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

21. Defendant DHS has failed to conduct an adequate search for records responsive to the request.

## COUNT II – DEFENDANT'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

22. The above paragraphs are incorporated herein.

23. The request seeks the disclosure of agency records and was properly made.

24. Defendant DHS is a federal agency and subject to FOIA.

25. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

26. DHS has failed to produce records responsive to the request.

**WHEREFORE**, CATO INSTITUTE asks the Court to:

    i.   declare that Defendant has violated FOIA;

    ii.   order Defendant to conduct an adequate search for records;

    iii.   order Defendant to produce all non-exempt records responsive to the request or portions of records promptly;

    iv.   enjoin Defendant from withholding non-exempt public records under FOIA;

    v.   award CATO INSTITUTE attorneys' fees and costs; and

    vi.   award any other relief the Court considers appropriate.

Dated: July 5, 2022

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

Attorney for Plaintiff,
CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL 0037
Josh Loevy, D.C. Bar No. IL0105
Merrick Wayne, D.C. Bar No. IL 0058
Shelley Geiszler D.C. Bar No. IL 0087
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com