Exhibit 1

**From:** David Bier
**Sent:** Tuesday, April 13, 2021 1:34 PM
**To:** foia@hq.dhs.gov <foia@hq.dhs.gov>
**Subject:** FOIA request

This is a Freedom of Information Act request to the Department of Homeland Security:

Please provide the following documents and any attachments or supplementary or supporting materials related to them:

1. The report referenced in section 1(c) of Presidential Proclamation 9645 that was submitted to the President by the Secretary of Homeland Security on July 9, 2017 that, according to section 1(h) of that proclamation concluded by "recommending entry restrictions and limitations on certain nationals of 7 countries determined to be "inadequate" in providing such information and in light of other factors discussed in the report."
2. The evaluation of each country under DHS "baseline" referenced in Presidential Proclamation 9645 that "evaluated each country against the baseline described in subsection (c)" of section 1 of the Proclamation 9645 that identified 16 countries as being "inadequate" based on an analysis of their identity-management protocols, information-sharing practices, and risk factors

Proclamation 9645's text is here: https://www.govinfo.gov/content/pkg/DCPD-201700685/pdf/DCPD-201700685.pdf

3. The report referenced in Presidential Proclamation 9723 that was transmitted to the president by the Secretary of Homeland Security on March 30, 2018 that recommended that the suspensions and limitations imposed by Presidential Proclamation 9645 on the entry of foreign nationals from one country be terminated.

Proclamation 9723's text is here:
https://www.govinfo.gov/content/pkg/DCPD-201800231/pdf/DCPD-201800231.pdf

4. The notification referenced in Proclamation 9983 sent on March 11, 2019 to all foreign governments regarding the refined performance metrics for the identity management and information-sharing criteria.
5. Documents received from U.S. embassies in response to the notification referenced in Proclamation 9983 sent to all foreign governments on March 11, 2019 regarding the refined performance metrics for the identity management and information-sharing criteria.
6. The report referenced in Presidential Proclamation 9983 that was submitted to the president by the Acting Secretary of Homeland Security on September 13, 2019 recommending the suspension of, or limitation on, the entry of certain classes of nationals from certain countries in order to protect United States national security, including by incentivizing those foreign governments to improve their practices
7. The proposal or recommendation referenced in Presidential Proclamation 9983 made to the President in January 2020 by the Acting Secretary of Homeland Security, the Secretary of Defense, and other Cabinet-level officials that recommended that the president exercise my authority under section 212(f) of the INA to suspend entry into the United States for nationals of six new countries—Burma (Myanmar), Eritrea, Kyrgyzstan, Nigeria, Sudan, and Tanzania.
8. The evaluation of each country under DHS methodology referenced in Presidential Proclamation 9983 that "assess[ed] compliance with the assessment criteria… allowed for more in-depth analysis and yield[ed] even more granularity and increased accuracy regarding each country's performance under the criteria."

The text of Proclamation 9983 is here:
https://www.govinfo.gov/content/pkg/FR-2020-02-05/pdf/2020-02422.pdf

Expedited Processing Justification: This request deals with an important political matter currently pending before Congress. I am a person engaged in informing the public. Any delay in the transfer of documents would seriously hinder the public understanding of this important issue.
Fee Waiver Justification: I am a policy analyst and scholar at the Cato Institute, an IRS-recognized 501(c)(3) nonprofit educational and public interest organization. As I am employed by an educational or noncommercial scientific institution, this request is made for a scholarly or scientific purpose and not for a commercial use. I request a waiver of all fees for this request.

Requester info:

David J. Bier

U.S. Department of Homeland Security
Washington, DC 20528



*Privacy Office, Mail Stop 0655*

April 21, 2021

**SENT VIA E-MAIL TO:  dbier@cato.org**

David  Bier
Cato Institute
1000 Massachusetts Ave NW
Washington, DC 20001

Re:  **2021-HQFO-00783**

Dear Mr. Bier:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated April 13, 2021, and to your request for expedited handling and a waiver of all assessable FOIA fees. Specifically, you requested "documents and any attachments or supplementary or supporting materials related to:

1. The report referenced in section 1(c) of Presidential Proclamation 9645 that was submitted to the President by the Secretary of Homeland Security on July 9, 2017 that, according to section 1(h) of that proclamation concluded by "recommending entry restrictions and limitations on certain nationals of 7 countries determined to be "inadequate" in providing such information and in light of other factors discussed in the report."

2. The evaluation of each country under DHS "baseline" referenced in Presidential Proclamation 9645 that "evaluated each country against the baseline described in subsection (c)" of section 1 of the Proclamation 9645 that identified 16 countries as being "inadequate" based on an analysis of their identity-management protocols, information-sharing practices, and risk factors Proclamation 9645's text is here: https://www.govinfo.gov/content/pkg/DCPD-201700685/pdf/DCPD-201700685.pdf

3. The report referenced in Presidential Proclamation 9723 that was transmitted to the president by the Secretary of Homeland Security on March 30, 2018 that recommended that the suspensions and limitations imposed by Presidential Proclamation 9645 on the entry of foreign nationals from one country be terminated. Proclamation 9723's text is here: https://www.govinfo.gov/content/pkg/DCPD-201800231/pdf/DCPD-201800231.pdf

4. The notification referenced in Proclamation 9983 sent on March 11, 2019 to all foreign governments regarding the refined performance metrics for the identity management and information-sharing criteria.

Exhibit 2

5. Documents received from U.S. embassies in response to the notification referenced in Proclamation 9983 sent to all foreign governments on March 11, 2019 regarding the refined performance metrics for the identity management and information-sharing criteria.

6. The report referenced in Presidential Proclamation 9983 that was submitted to the president by the Acting Secretary of Homeland Security on September 13, 2019 recommending the suspension of, or limitation on, the entry of certain classes of nationals from certain countries in order to protect United States national security, including by incentivizing those foreign governments to improve their practices

7. The proposal or recommendation referenced in Presidential Proclamation 9983 made to the President in January 2020 by the Acting Secretary of Homeland Security, the Secretary of Defense, and other Cabinet-level officials that recommended that the president exercise my authority under section 212(f) of the INA to suspend entry into the United States for nationals of six new countries—Burma (Myanmar), Eritrea, Kyrgyzstan, Nigeria, Sudan, and Tanzania.

8. The evaluation of each country under DHS methodology referenced in Presidential Proclamation 9983 that "assess[ed] compliance with the assessment criteria… allowed for more in-depth analysis and yield[ed] even more granularity and increased accuracy regarding each country's performance under the criteria."  The text of Proclamation 9983 is here: https://www.govinfo.gov/content/pkg/FR-2020-02-05/pdf/2020-02422.pdf."

Our office received your request on April 13, 2021.

Your request for expedited treatment is hereby denied.

Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. Part 5 § 5.5(e)(1)(i); "an urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information," 6 C.F.R. Part 5 § 5.5(e)(1)(ii); "the loss of substantial due process rights," 6 C.F.R. Part 5 § 5.5(e)(1)(iii); or "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," 6 C.F.R. Part 5 § 5.5(e)(1)(iv). Requesters seeking expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct pursuant to 6 C.F.R. Part 5 § 5.5(e)(3).

Your request for expedited processing is denied because you do not qualify under any category pursuant to 6 C.F.R. Part 5 § 5.5(e)(1).  You have not established that lack of expedited treatment in this case will pose an imminent threat to the life or physical safety of an individual.  You have not established the loss of substantial due process rights.  The information sought in your request is retrospective and you have not established that the information would have a bearing on immediate or resultant future situations.  In addition, you are not primarily engaged in the dissemination of information to the public.  You have not shown that you have the ability to

educate the public beyond 's limited constituency, nor have you established with the requisite specificity why you feel there is an urgency to inform your limited audience about past DHS actions.  Qualifying urgency would need to exceed the public's right to know about government activity generally.  You did not offer any supporting evidence of public interest that is any greater than the public's general interest in your request for records of various Presidential Proclamations.  Finally, you did not establish this is a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

If you deem the decision to deny expedited treatment of your request an adverse determination, you have the right to appeal.  Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to:  Privacy Office, Attn: FOIA Appeals, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0655, Washington, D.C. 20528-0655, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.5(e)(2).  Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS FOIA regulations are available at www.dhs.gov/foia.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request.  Consistent with 6 C.F.R. Part 5 § 5.5(a) of the DHS FOIA regulations, the Department processes FOIA requests according to their order of receipt. Although DHS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10-day extension of this time period in certain circumstances under 6 C.F.R. Part 5 § 5.5(c). As your request seeks documents that will require a thorough and wide-ranging search, DHS will invoke a 10-day extension for your request pursuant to 6 C.F.R. Part 5 § 5.5(c). If you would like to narrow the scope of your request, please contact our office.  We will make every effort to comply with your request in a timely manner.

You have requested a fee waiver.  The DHS FOIA regulations at 6 C.F.R. Part 5 § 5.11(k) set forth six factors DHS must evaluate to determine whether the applicable legal standard for a fee waiver has been met:  (1) Whether the subject of the requested records concerns "the operations or activities of the government," (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities, (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requester or a narrow segment of interested persons, (4) Whether the contribution to public understanding of government operations or activities will be "significant," (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure, and (6) Whether the magnitude of any identified commercial interest to the requester is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester.

Upon review of the subject matter of your request, and an evaluation of the six factors identified above, DHS has determined that it will conditionally grant your request for a fee waiver.  The fee waiver determination will be based upon a sampling of the responsive documents received from the various DHS program offices as a result of the searches conducted in response to your FOIA request.  DHS will, pursuant to DHS FOIA regulations applicable to educational requesters,

process the first 100 pages.  If upon review of these documents, DHS determines that the disclosure of the information contained in those documents does not meet the factors permitting DHS to waive the fees, then DHS will at that time either deny your request for a fee waiver entirely, or will allow for a percentage reduction in the amount of the fees corresponding to the amount of relevant material found that meets the factors allowing for a fee waiver.  In either case, DHS will promptly notify you of its final decision regarding your request for a fee waiver and provide you with the responsive records as required by applicable law.

In the event that your fee waiver is denied, and you determine that you still want the records, provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS FOIA regulations as they apply to educational requesters.  As an educational requester you will be charged 10 cents per page for duplication; the first 100 pages are free.  In the event that your fee waiver is denied, we will construe the submission of your request as an agreement to pay up to $25.00.  This office will contact you before accruing any additional fees.

We have queried the appropriate component(s) of DHS for responsive records.  If any responsive records are located, they will be reviewed for determination of releasability.  Please be assured that one of the analysts in our office will respond to your request as expeditiously as possible.  We appreciate your patience as we proceed with your request.

Your request has been assigned reference number **2021-HQFO-00783**.  Please refer to this identifier in any future correspondence.  The status of your FOIA request is now available online and can be accessed at: **https://foiarequest.dhs.gov/app/CheckStatus.aspx**, by using this FOIA request number.

If you have any questions, or would like to discuss this matter, please feel free to contact this office at 1-866-431-0486 or 202-343-1743.

Sincerely,

Jimmy Wolfrey
Senior Director, FOIA Operations and Management
(Acting)

**U.S. Department of Homeland Security**
Washington, DC 20528



*Privacy Office, Mail Stop 0655*

May 7, 2021

**SENT VIA E-MAIL TO: dbier@cato.org**

David Bier
Cato Institute
1000 Massachusetts Ave NW
Washington, DC 20001

Re:  **2021-HQFO-00783**

Dear Mr. Bier:

This is the [electronic] final response to your Freedom of Information Act (FOIA) request to the
Department of Homeland Security (DHS), dated April 13, 2021, and received by this office on
April 13, 2021.  You are seeking provide the following documents and any attachments or
supplementary or supporting materials related to them:

1. The report referenced in section 1(c) of Presidential Proclamation 9645 that was submitted to
the President by the Secretary of Homeland Security on July 9, 2017 that, according to section
1(h) of that proclamation concluded by "recommending entry restrictions and limitations on
certain nationals of 7 countries determined to be "inadequate" in providing such information and
in light of other factors discussed in the report."

2. The evaluation of each country under DHS "baseline" referenced in Presidential Proclamation
9645 that "evaluated each country against the baseline described in subsection (c)" of section 1
of the Proclamation 9645 that identified 16 countries as being "inadequate" based on an analysis
of their identity-management protocols, information-sharing practices, and risk factors
Proclamation 9645's text is here:
https://www.govinfo.gov/content/pkg/DCPD-201700685/pdf/DCPD-201700685.pdf.

3. The report referenced in Presidential Proclamation 9723 that was transmitted to the president
by the Secretary of Homeland Security on March 30, 2018 that recommended that the
suspensions and limitations imposed by Presidential Proclamation 9645 on the entry of foreign
nationals from one country be terminated. Proclamation 9723's text is here:
https://www.govinfo.gov/content/pkg/DCPD-201800231/pdf/DCPD-201800231.pdf

4. The notification referenced in Proclamation 9983 sent on March 11, 2019 to all foreign
governments regarding the refined performance metrics for the identity management and
information-sharing criteria.

Exhibit 3

5. Documents received from U.S. embassies in response to the notification referenced in Proclamation 9983 sent to all foreign governments on March 11, 2019 regarding the refined performance metrics for the identity management and information-sharing criteria.

6. The report referenced in Presidential Proclamation 9983 that was submitted to the president by the Acting Secretary of Homeland Security on September 13, 2019 recommending the suspension of, or limitation on, the entry of certain classes of nationals from certain countries in order to protect United States national security, including by incentivizing those foreign governments to improve their practices

7. The proposal or recommendation referenced in Presidential Proclamation 9983 made to the President in January 2020 by the Acting Secretary of Homeland Security, the Secretary of Defense, and other Cabinet-level officials that recommended that the president exercise my authority under section 212(f) of the INA to suspend entry into the United States for nationals of six new countries—Burma (Myanmar), Eritrea, Kyrgyzstan, Nigeria, Sudan, and Tanzania.

8. The evaluation of each country under DHS methodology referenced in Presidential Proclamation 9983 that "assess[ed] compliance with the assessment criteria… allowed for more in-depth analysis and yield[ed] even more granularity and increased accuracy regarding each country's performance under the criteria."  The text of Proclamation 9983 is here: https://www.govinfo.gov/content/pkg/FR-2020-02-05/pdf/2020-02422.pdf.

We conducted a comprehensive search of files within the Department of Homeland Security (DHS) Office of Strategy, Policy, and Plans (PLCY) for records that would be responsive to your request.  Unfortunately, we were unable to locate or identify any responsive records.

While an adequate search was conducted, you have the right to appeal this determination that no records exist within the Office of Strategy, Policy, and Plans (PLCY) that would be responsive to your request.  Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to:  Privacy Office, Attn: FOIA Appeals, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Avenue, SE, Mail Stop 0655, Washington, D.C. 20528-0655, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.5(e)(2).  Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS FOIA regulations are available at www.dhs.gov/foia.

If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst below who processed your request and refer to **2021-HQFO-00783**. You may send an e-mail to foia@hq.dhs.gov, call 202-343-1743 or toll free 1-866-431-0486, or you may contact our FOIA Public Liaison in the same manner.  Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601

Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees.  In this instance, because the cost is below the $25 minimum, there is no charge.

Sincerely,

Jimmy Wolfrey
Senior Director, FOIA Operations and Management
(Acting)

Exhibit 4

---

**From:** foia@hg.dhs.gov <foia@hg.dhs.gov>
**Sent:** Friday, May 7, 2021 3:19 PM
**To:** David Bier <DBier@cato.org>
**Subject:** Department of Homeland Security FOIA 2021-HQFO-00783 Final Response

### *CAUTION: External Email*

Good Afternoon,

Attached is our final response to your request. If you need to contact this office again concerning your request, please provide the DHS reference number. This will enable us to quickly retrieve the information you are seeking and reduce our response time. This office can be reached at 866-431-0486.

Regards,

DHS Privacy Office
Disclosure & FOIA Program
STOP 0655
Department of Homeland Security
245 Murray Drive, SW
Washington, DC 20528-0655
Telephone: 1-866-431-0486 or 202-343-1743
Fax: 202-343-4011
Visit our FOIA website

---

**From:** David Bier <DBier@cato.org>
**Sent:** Thursday, May 13, 2021 3:32 PM
**To:** FOIA <FOIA@HQ.DHS.GOV>
**Subject:** RE: Department of Homeland Security FOIA 2021-HQFO-00783 Final Response

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact your component SOC with questions or concerns.

I would like to speak to the analyst who processed my request as this letter indicates is possible.

Thank you.

David J. Bier
Research Fellow
Immigration Studies
Cato Institute
Washington D.C.
(609) 781-2062

**From:** FOIA <FOIA@HQ.DHS.GOV>
**Sent:** Friday, May 14, 2021 10:15 AM
**To:** David Bier <DBier@cato.org>
**Subject:** RE: Department of Homeland Security FOIA 2021-HQFO-00783 Final Response

*CAUTION: External Email*

Good morning Mr. Bier,

How can we assist you with your request?

Respectfully,

**DHS Privacy Office**
Disclosure and FOIA Program
STOP 0655
U.S. Department of Homeland Security
2707 Martin Luther King Jr. AVE SE
Washington, DC 20032
Telephone: 1-866-431-0486 or 202-343-1743
Fax: 202-343-4011
[mailto:foia@hq.dhs.gov%0d]foia@hq.dhs.gov
Visit our FOIA website

Warning:  This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information such as found under 49 CFR 1520 or the Privacy Act of 1974. It should not be communicated to any person, or agency, unless disclosure is in performance of official DHS duties and there exists a valid need to know.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.

 Homeland Security

**From:** David Bier <DBier@cato.org>
**Sent:** Friday, May 14, 2021 10:32 AM
**To:** FOIA <FOIA@HQ.DHS.GOV>
**Subject:** RE: Department of Homeland Security FOIA 2021-HQFO-00783 Final Response

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Contact your component SOC with questions or concerns.

The letter says that no records were found, but I detailed clearly where they were and who had possession of them at various times. Who was asked about the location of these documents?

David J. Bier
Research Fellow
Immigration Studies
Cato Institute
Washington D.C.
(609) 781-2062

**From:** FOIA <FOIA@HQ.DHS.GOV>
**Sent:** Friday, May 14, 2021 10:49 AM
**To:** David Bier <DBier@cato.org>
**Subject:** RE: Department of Homeland Security FOIA 2021-HQFO-00783 Final Response

*CAUTION: External Email*

Dear Mr. Bier,

As stated in the final response letter, a search was conducted of the Office of Strategy, Policy, and Plans (PLCY). I have copied the guidance provided in the final response letter which details actions you may take if you believe this to be an adverse determination:

"While an adequate search was conducted, you have the right to appeal this determination that no records exist within the Office of Strategy, Policy, and Plans (PLCY) that would be responsive to your request.  Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter, to:  Privacy Office, Attn: FOIA Appeals, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Avenue, SE, Mail Stop 0655, Washington, D.C. 20528-0655, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.5(e)(2).  Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS FOIA regulations are available at www.dhs.gov/foia.

If you need any further assistance or would like to discuss any aspect of your request, please contact the analyst below who processed your request and refer to **2021-HQFO-00783**.
You may send an e-mail to foia@hq.dhs.gov, call 202-343-1743 or toll free 1-866-431-0486, or you may contact our FOIA Public Liaison in the same manner.  Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769."

Please let us know if we can be of further assistance.

Respectfully,

**DHS Privacy Office**
Disclosure and FOIA Program
STOP 0655
U.S. Department of Homeland Security
2707 Martin Luther King Jr. AVE SE
Washington, DC 20032
Telephone: 1-866-431-0486 or 202-343-1743
Fax: 202-343-4011
[mailto:foia@hq.dhs.gov%0d]foia@hq.dhs.gov
Visit our FOIA website

Warning:  This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information such as found under 49 CFR 1520 or the Privacy Act of 1974. It should not be communicated to any person, or agency, unless disclosure is in performance of official DHS duties and there exists a valid need to know.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.



Exhibit 5

May 14, 2021

Privacy Office

 Attn: FOIA Appeals

U.S. Department of Homeland Security

2707 Martin Luther King Jr. Avenue, SE, Mail Stop 0655

Washington, D.C. 20528-0655

**RE: 2021-HQFO-00783**

This is an appeal of Freedom of Information Act request 2021-HQFO-00783 (see attached). The Department of Homeland Security states that "We conducted a comprehensive search of files within the Department of Homeland Security (DHS) Office of Strategy, Policy, and Plans (PLCY) for records that would be responsive to your request. Unfortunately, we were unable to locate or identify any responsive records."

This failure to find the records requested was the result of an inadequate search—either because the Department refused to search anywhere other than the Office of Strategy, Policy, and Plans for the requested records (despite my request indicating other locations where the records may be) or because the Department failed to thoroughly search the Office of Strategy, Policy, and Plans for such records.

Whatever the case, as my request makes clear, these records exist and are within the Department's possession. For instance, I requested:

> 1. The report referenced in section 1(c) of Presidential Proclamation 9645 that was submitted to the President by the Secretary of Homeland Security on July 9, 2017 that, according to section 1(h) of that proclamation concluded by "recommending entry restrictions and limitations on certain nationals of 7 countries determined to be "inadequate" in providing such information and in light of other factors discussed in the report."

The department has represented that this report exists in the proclamation as well as to the Supreme Court of the United States in *Hawaii v. Trump* in which the claim was made that the report was 17 pages (p. 35). https://www.supremecourt.gov/opinions/17pdf/17-965_h315.pdf

As such, I am exercising my right to appeal.

- David J. Bier

Address: ███████████████████

███████████████

Cell: ████████████

**U.S. Department of Homeland Security**
Washington, DC 20528



Homeland
Security

July 19, 2021

David  Bier
Cato Institute
1000 Massachusetts Ave NW
Washington, DC 20001

Re:   **DHS Appeal Number 2021-HQAP-00158**
      **FOIA Request Number 2021-HQFO-00783**

Dear Mr. Bier:

The Department of Homeland Security (DHS) has received your appeal of the response by the Office
of Privacy to your Freedom of Information Act (FOIA) request concerning a no records response
received.  On behalf of the Deputy Associate General Counsel for General Law, we acknowledge
your appeal and are assigning it number **2021-HQAP-00158** for tracking purposes.  Please reference
this number in any future communications about your appeal.

A high number of FOIA requests have been received by the Department.  Accordingly, we have
adopted the court-sanctioned practice of generally handling backlogged appeals on a first-in, first-out
basis.[1]  While we will make every effort to process your appeal on a timely basis, there may be some
delay in resolving this matter.

The status of your appeal is now available online and can be accessed at:
**https://foiarequest.dhs.gov/app/CheckStatus.aspx**, by using the appeal number.  Status
information is updated daily.  Alternatively, you can download the DHS eFOIA Mobile App, the free
app is available for all Apple and Android devices. With the DHS eFOIA Mobile App, you can
submit FOIA requests or check the status of requests, access all of the content on the FOIA website,
and receive updates anyplace, anytime.

Should you have any questions concerning the processing of your appeal, please contact me at
Eric.Neuschaefer@hq.dhs.gov.

Sincerely,

Eric A. Neuschaefer
Senior Director, FOIA Litigation, Appeals, Policy, and
Training (Acting)

---

[1]  Appeals of expedited treatment denials will be handled on an expedited basis.

Exhibit 6

Exhibit 7

**U.S. Department of Homeland Security**

**United States Coast Guard**

Office of the  Administrative  Law Judge
United States Coast Guard

U.S. Courthouse
601 25th Street, Suite 508A
Galveston, Texas 77550
Staff Symbol: ALJ-Hou
Phone:  409-765-1300

Email: Tommy.B.Cantrell@uscg.mil

5720
27 January 2022

David Bier
Cato Institute
1000 Massachusetts Ave NW
Washington, DC 20001

RE: DHS FOIA Appeal Number 2021-HQAP-00158; FOIA Request Number: 2021-HQFO-00783

Dear Mr. Bier:

This letter concerns your appeal of the Department of Homeland Security's (DHS) Privacy Office's (PRIV) adverse response to your FOIA request 2021-HQFO-00783.  In your initial request, you sought materials relating to eight specifications set forth in your April 13, 2021 email.  PRIV responded to your request on April 21, 2021, advising you it did not locate any responsive records.  As set forth below, I am **REMANDING** this matter to PRIV for further explanation.

Pursuant to a memorandum of agreement, the United States Coast Guard Office of the Chief Administrative Law Judge is reviewing FOIA appeals for the Department of Homeland Security General Counsel's office.  Therefore, the Office of the Chief Administrative Law Judge hereby renders the official appeal decision on behalf of the Department of Homeland Security.

### Insufficiency of Search

An agency is required to conduct a "reasonable search" pursuant to 5 U.S.C. § 552(a)(3) and each different agency makes the determination of where and how to search for responsive records.  Lechliter v. Rumsfeld, 182 F. App'x 113, 115 (3d Cir. 2006) (holding that the agency fulfilled their duty to conduct a reasonable search when it searched two offices that it determined to be the only ones likely to possess responsive documents); Brehm v. DOD, 593 F. Supp. 2d 49, 50 (D.D.C. 2009) (finding that a search was reasonable where the agency searched two systems likely to have responsive records); Knight v. NASA, No. 04-2054, 2006 WL 3780901 (E.D. Cal. Dec. 21, 2006) (finding that there is no requirement that an agency search all possible sources in response to a FOIA request when it believes all responsive documents are likely to be located in one place).  Furthermore, the agency is in the best position to determine how to best search for records in its systems.

Pursuant to relevant authority, the undersigned reviewed the materials supporting PRIV search in response to your request.  Unfortunately, I am unable to determine whether an adequate search was performed and/or whether any documents exist that would be responsive to your request.  Accordingly, I am **REMANDING** this matter to PRIV to provide an explanation within 15 days of this letter.

Notwithstanding the above decision, as part of the 2007 FOIA amendments, the Office of

1

Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Once I receive a response from PRIV, I will issue another letter disposing of your appeal. If after 15 days I do not receive an explanation, I or another attorney, will provide you with a letter supplying final agency action so that you may appeal this matter to district court, if you so choose.

Sincerely,

Tommy Cantrell
Attorney Advisor
United States Coast Guard
U.S. Department of Homeland Security

Sent: Via email at the address indicated above.

2

Exhibit 8

**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Office of the Administrative
Law Judge
United States Coast Guard

U.S. Courthouse
601 25th Street, Suite 508A
Galveston, Texas
Staff Symbol: ALJ-HOU
Phone:  409-765-1300
Fax: 409-765-1303
Email: Tommy.B.Cantrell@uscg.mil

5720
May 13, 2022

David Bier
Cato Institute
1000 Massachusetts Ave NW
Washington, DC 20001

RE: DHS FOIA Appeal Number 2021-HQAP-00158; FOIA Request Number: 2021-HQFO-00783

Dear Mr. Bier:

On or about January 27, 2022, I **REMANDED** this matter and directed the Agency to provide a supplemental response concerning your FOIA Request Number 2021-HQFO-00783.  The letter specifically gave the Agency 15 days to comply.  Approximately 3 months have passed from the Agency's response due date, and I have not received a response from the Agency.  Therefore, this letter constitutes final agency action and you are now able to appeal this matter to Federal District Court.

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

This decision is the final action of DHS concerning DHS FOIA Appeal Number 2021-HQAP-00158; FOIA Request Number: 2021-HQFO-00783.  You may seek judicial review of this decision, per 5 U.S.C. §552(a)(4)(B) in either the United States District Court: 1) where you reside; 2) the district where the pertinent agency is situated; or 3) in the District of Columbia.

Sincerely,

Tommy B. Cantrell
Attorney Advisor
United States Coast Guard

CC: FOIA Appeals Officer

1