UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CATO INSTITUTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant. | Civ. A. No. 22-1940 (XXX) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant U.S. Department of Homeland Security (the "Department"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

**First Defense**

Plaintiff is not entitled to information protected from disclosure from one or more exemptions under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Second Defense**

The Court lacks jurisdiction over any matter to the extent that Plaintiff failed to satisfy the prerequisite to suit, as well as over any requests or allegations that are not contained in the FOIA request that is the subject of this action.

**Third Defense**

Defendant preserves any additional affirmative defenses that are not currently known to Defendant.

**DEFENDANT'S RESPONSES TO NUMBERED PARAGRAPHS**

Defendant denies each and every allegation contained in the Complaint not expressly admitted in this Answer. Defendant respectfully requests and reserves the right to amend, alter,

and supplement the responses and defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

In response to the specifically enumerated paragraphs as set forth in the Complaint, Defendant admits, denies, and otherwise avers as follows:

### Subtitle

1. The allegations contained in the first sentence of Paragraph 1 consist of Plaintiff's characterization of this action to which no response is required. To the extent that a response is deemed required, Defendant admits that Plaintiff brings this action under FOIA. The allegations in the second sentence consist of Plaintiff's characterization of Presidential Proclamations 9645, 9723, and 9985. In response, Defendant respectfully refers to the referenced Proclamations for a complete and accurate statement of their contents. The last sentence in Paragraph 1 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in the last sentence of Paragraph 1.

### Parties

2. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 2, and on that basis denies them. In response to the allegations in the second sentence of Paragraph 2, Defendant admits that CATO Institute made the FOIA request at issue in this case.

3. Defendant admits only that it is a federal agency within the meaning of 5 U.S.C. § 552(f).

### Jurisdiction and Venue

4. The allegations contained in Paragraph 4 consist of legal conclusions regarding jurisdiction to which no response is required. To the extent that a response is deemed required,

Defendant admits only that this Court has subject matter jurisdiction over FOIA claims subject to the limitations of FOIA.

5. The allegations contained in Paragraph 5 consist of legal conclusions regarding venue to which no response is required. To the extent that a response is deemed required, Defendant admits only that venue is proper in this Court.

## April 13, 2021 FOIA Request

6. Defendant admits that Plaintiff submitted a FOA request to DHS on April 13, 2021. Defendant further admits that Plaintiff's FOIA request sought the records listed in the block quotation in Paragraph 6. In further response to the allegations that purport to summarize the FOIA request, Defendant respectfully refers to Plaintiff's FOIA request for a complete and accurate statement of its contents. *See* Pl.'s Compl., Ex. 1 (ECF No. 1-1 at 1).

7. Admitted. In further response, Defendant respectfully refers the Court to the Department's April 21, 2021, letter for a complete and accurate statement of its contents. *See* Pl.'s Compl., Ex. 2 (ECF No. 1-1 at 2-5).

8. Defendant admits only that on May 7, 2021, the Department provided a final response to the Plaintiff's FOIA request. Defendant denies the allegation that the Department "denied the request in its entirety." As the Department's final response explained, in part, the Department "conducted a comprehensive search of files withing the Department of Homeland Security (DHS) Office of Strategy, Policy, and Plans (PLCY) for records that would be responsive to your request. Unfortunately, we were unable to locate or identify any responsive records." *See* Pl.'s Compl., Ex. 3 (ECF No. 1-1 at 7). A final response that an Agency conducted a comprehensive search but was unable to locate responsive records is not a "denial" of a request.

3

9. Defendant admits only that Plaintiff sent an email on May 14, 2021, requesting further details about the search that was conducted. Defendant denies the remaining allegations of Paragraph 9. In further response, Defendant respectfully refers to Plaintiff's May 14, 2021, email for a complete and accurate statement of its contents. *See* Pl.'s Compl., Ex. 4 (ECF No. 1-1 at 10).

10. Defendant admits only that on May 14, 2021, a representative of the DHS Privacy Office corresponded with Plaintiff by email. Defendant denies the remaining allegations of Paragraph 10, including Plaintiff's characterization of DHS's emails. In further response, Defendant respectfully refers to the email exchanges for a complete and accurate statement of their contents. *See* Pl.'s Compl., Ex. 4 (ECF No. 1-1 at 9-11).

11. Defendant admits only that by correspondence dated May 19, 2021, Plaintiff filed an administrative appeal of the Department's May 7, 2021, final response to Plaintiff's FOIA request. Defendant denies the remaining allegations. In further response, Defendant respectfully refers the Court to Plaintiff's appeal letter, dated May 14, 2021, for a complete and accurate statement of its contents. *See* Pl.'s Compl., Ex. 5 (ECF No. 1-1 at 12).

12. Admitted. Defendant respectfully refers the Court to the Department's acknowledgement letter dated July 19, 2021, for a complete and accurate statement of its contents. See Pl.'s Compl., Ex. 6 (ECF No. 1-1 at 13).

13. Denied. In further response, Defendant states that on January 27, 2022, the DHS U.S. Coast Guard, Office of the Administrative Law Judge, issued a letter remanding the matter to the DHS Privacy Office for further explanation. Defendant respectfully refers the Court to the January 27, 2022, letter for a complete and accurate statement of its contents. *See* Pl.'s Compl., Ex. 7 (ECF No. 1-1 at 14-15).

14. Defendant admits only that on May 13, 2022, the DHS U.S. Coast Guard, Office of the Administrative Law Judge, issued a final action concerning Plaintiff's FOIA Appeal. Defendant respectfully refers the Court to the May 13, 2022, letter for a complete and accurate statement of its contents. *See* Pl.'s Compl. Ex. 8 (ECF No. 1-1 at 16).

15. Denied.

16. Denied.

## COUNT I

17. Defendant incorporates its responses to paragraphs 1 to 16 as if set forth fully herein.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is deemed required, admitted.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is deemed required, admitted.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

## COUNT II

22. Defendant incorporates its responses to paragraphs 1 to 21 as if set forth fully herein.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is deemed required, admitted.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is deemed required, admitted.

25. Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

### Request for Relief

The remainder of the Complaint contains Plaintiff's requests for relief to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief.

Dated: September 2, 2022
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ Daniel P. Schaefer*
DANIEL P. SCHAEFER, D.C. Bar # 996871
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

*Counsel for Defendant*